IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Phyllis Delores Hunter, | ) |
| | ) Civil Action No.: 1:16-cv-03450-JMC |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| Nancy A. Berryhill, Acting Commissioner of Social Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |
| | ) |

This social security matter is before the court upon review of Magistrate Judge Shiva V. Hodges' Report and Recommendation ("Report") (ECF No. 33), filed on August 17, 2017, recommending that the Commissioner's decision be reversed and this matter be remanded to the Commissioner for further administrative proceedings pursuant to 42 U.S.C. § 405(g).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. See Matthews v. Weber, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The parties were advised of their right to file objections to the Report. (ECF No. 33.) Defendant replied, notifying the court that she would not be filing any objections, with the caveat

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill is substituted for Carolyn Colvin as the named defendant because she became the Acting Commissioner of Social Security on January 23, 2017.

1

that this response should not be construed as a concession by Defendant that her administrative decision denying benefits to Plaintiff was not substantially justified. (ECF No. 36.)

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond, 416 F.3d at 315 (quoting Fed R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 33) and **REVERSES** and **REMANDS** the Commissioner's decision pursuant to 42 U.S.C. § 405(g) for reexamination of Plaintiff's fibromyalgia diagnosis and the medical opinion evidence in accordance with the Report and the requirements of SSR 12-2p.[2]

---

[2] The court notes that the Magistrate Judge emphasized that it may be necessary for the ALJ to reevaluate Plaintiff's subjective complaints and the lay witness opinions after reexamining her fibromyalgia diagnosis and the medical opinion evidence, and that the ALJ should also admit new evidence because the record shows Plaintiff to be insured for DIB through December 31, 2017. (ECF No. 33.) *See also* Tr. at 12.

**IT IS SO ORDERED.**

*[signature: J. Michelle Childs]*

United States District Judge

September 6, 2017
Columbia, South Carolina